UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAUN NAPPER,

      **Plaintiff,**

  v.                              Civil Action 2:24-cv-14
                                      Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Chelsey M. Vascura

HEALTH CARE LOGISTICS, *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

      Plaintiff, Shaun Napper, an Ohio resident proceeding without the assistance of counsel, brings this action for retaliation and race discrimination under Title VII of the Civil Rights Act of 1964 arising out of his employment termination by his former employer, Defendant Health Care Logistics. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

      Plaintiff also moves for leave to receive service of notices and documents in this case by email through the Court's electronic filing system. (ECF No. 1-4.) For good cause shown, Plaintiff's motion is **GRANTED**. The Clerk is **DIRECTED** to add Plaintiff's email address, shaunnapper@sbc.global.net, to the docket. Plaintiff is specifically **CAUTIONED** that failure to update his email address and monitor his email account (including his "junk mail" or spam folder) for court filings may result in the Court's dismissal of the action. *Cf. Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (affirming district court's denial of motion for relief from

judgment where counsel's neglect in failing to check docket until more than a month after he learned that he was not receiving notice of electronic filings because he failed to update his email address on file with the district court); *Equal Emp't Opportunity Comm'n v. Indi's Fast Food Rest., Inc.*, No. 3:15-cv-00590, 2016 WL 7473130, at *6 (W.D. Ky. Dec. 28, 2016) (noting that defense counsel represented that "he did not receive any Court-related notices or emails because they were all sent to his 'junk mail' folder" and finding that "[d]efense counsel's non-receipt of emails does not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases, which he failed to do here").

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

Plaintiff alleges that while he was employed by Defendant Health Care Logistics, he reported on July 21, 2020, that a white employee told Plaintiff and another African American employee, Shannon C., to keep their distance when the white employee was in the area, and that Defendant Todd Hole addressed his complaint the same day. (Compl. ¶ 3, ECF No. 1-1.) Plaintiff further alleges that in March 2021 a male employee named Gene C. acted aggressively toward another African American employee named David N., and that Defendants disciplined David N. (*Id.* at ¶ 6.) Plaintiff allegedly sent five emails to Defendants reporting the "malicious,

hostile and racially charged workplace environment" over the period of July 21, 2020, through March 21, 2021. (*Id.* at ¶ 5.)

Plaintiff also alleges that he was unfairly disciplined in November 2020 for experiencing COVID-19 symptoms after Defendants failed to enforce masking and social distancing (*id.*); that Defendant Chad Pond had a history of using his position and physical presence to intimidate Plaintiff (*id.*); that his termination on August 20, 2021, was retaliatory (*id.* at ¶ 7); that Defendant faxed 21 pages of information "regarding the August 19, 2021 incident" (*id.*); and that Defendant attempted to block Plaintiff's unemployment benefits (*id.*).

Plaintiff's Complaint asserts claims against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and also seeks a declaratory judgment that Defendants are violating the Appointments Clause and injunctive relief enjoining Defendants "from performing the functions and duties of the offices of Health Care Logistic." (*Id.* at 5.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—

3

        (i) is frivolous or malicious; [or]

        (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than

4

formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.  ANALYSIS

"[A]ny Title VII plaintiff must carry the initial burden of offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 (1977). At the pleading stage, this means a Title VII plaintiff must "allege sufficient 'factual content'" from which a court could "draw the reasonable inference" that Defendants "discriminate[d] against [Plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, *because of* [his] race, color, religion, sex, or national origin." *See Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, and 42 U.S.C. § 2000e–2(a)(1)) (emphasis in original).

Plaintiff has not done so. Two occurrences of racial harassment by Plaintiff's coworkers (one of which was addressed by Defendants the same day), as well as five email complaints by Plaintiff over an eight-month period (ending five months prior to Plaintiff's termination), are insufficient to raise a plausible inference that Plaintiff's termination was based on his race or his complaints of racial discrimination. Moreover, an apparently significant but undescribed incident occurred on August 19, 2021—the day prior to Plaintiff's termination. The close timing suggests that Plaintiff's termination was likely related to this incident. Importantly, Plaintiff does not allege that the incident was the result of any discrimination or retaliation on Defendants' part,

further reducing the plausibility of Plaintiff's allegations that his termination violated Title VII. In sum, Plaintiff's allegations are not "enough to raise a right to relief above the speculative level" or to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

As to Plaintiff's claims for declaratory and injunctive relief under the Appointments Clause, the Court presumes that Plaintiff refers to the Appointments Clause of the United States Constitution. This Clause governs the appointment of "Officers of the United States" and therefore has no application to Plaintiff's grievance with his former employer, which by all appearances is a private entity. *See* U.S. Const. art. II, § 2, cl. 2. Plaintiff has therefore failed to state a claim under the Appointments Clause.

### IV. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. Plaintiff's motion to receive service by email (ECF No. 1-3) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE