**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SHAUN NAPPER,**

          **Plaintiff,**

    **v.**

**HEALTH CARE LOGISTICS,** *et al.*,

          **Defendants.**

**Case No. 2:24-cv-14**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

On January 11, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court grant Plaintiff Shuan Napper's requests to proceed *in forma pauperis* (ECF No. 1) and to receive service of notices and documents by email through the Court's electronic filing system (ECF No. 1-4). (R&R, ECF No. 3, PageID 31–32.) But the Magistrate Judge also recommended, after performing the initial screen of the Complaint, that the Court dismiss this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). (*Id.* at PageID 33.) Mr. Napper timely filed an Objection to the R&R. (ECF No. 6.)

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Napper makes one general objection to the R&R but fails to point to which of the Magistrate Judge's specific findings he objects to. He suggests that the Court failed to consider certain information and uses his objection to restate his claims against Defendants. (ECF No. 6,

1

PageID 40.) Normally, a plaintiff waives any challenge to the district court's conclusions if their objections do not specifically address the magistrate judge's reasoning. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (explaining that the parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider").

Nonetheless, after considering Mr. Napper's objections on the merits, Mr. Napper identified no error in the R&R. Instead, his objections support the Magistrate Judge's finding that Mr. Napper's termination was because of his criticism about his employer's COVID protocols and an incident that occurred on August 19, 2021, not racial discrimination.

Mr. Napper made clear that he was outspoken about certain COVID-19 protocols during the pandemic. (*See* ECF No. 6, PageID 41.) As a result of advocating for masking and different testing protocols, Mr. Napper alleges that Defendants intimidated him with disciplinary action. (*Id.*) Defendants met with Mr. Napper on January 12, 2021 to discuss an email he sent raising his concerns. (*Id.* at PageID 42.) After that meeting, Mr. Napper threatened to file complaints with the Occupational Safety and Health Administration and Health Department and accused Defendants of "playing a sort of Russian roulette with the lives of employees." (*Id.*) Mr. Napper apologized to Defendants the next day for his "rude" threats. (*Id.* at PageID 43.)

On August 19, 2021, Mr. Napper again raised concerns about COVID procedures, and felt intimidated when Defendant Chad Pond allegedly "interjected and proceeded to come at [Mr. Napper]." (*Id.*) Mr. Napper claims Chad Pond tried to "provoke" him, which led to "a fight or flight panic attack." (*Id.*) Mr. Napper was terminated the next day, on August 20, 2021.

As the Magistrate Judge pointed out, "an apparently significant but undescribed incident occurred on August 19, 2021" and the "close timing suggests that [Mr. Napper's] termination was likely related to this incident." (ECF No. 3, PageID 36.) Mr. Napper fails to allege that the

confrontation on August 19, 2021 stemmed from any discrimination or retaliation on

Defendants' part, further reducing the plausibility of his allegations that his termination violated

Title VII. (*Id.* at PageID 36–37.) Accordingly, Mr. Napper failed to state a plausible claim that

Defendants' decision to terminate his employment was based on his race or complaints of racial

discrimination.

Mr. Napper also failed to state a claim for declaratory or injunctive relief. Mr. Napper's

Complaint references the Appointments Clause of the United States Constitution to support his

claims for declaratory and injunctive relief. (*See* ECF No. 2-1.) The R&R explained that the

Appointments Clause does not apply to Mr. Napper's employer. (R&R, PageID 37; U.S. Const.

art. II. § 2, cl. 1.) This Court agrees.

Accordingly, Mr. Napper has failed to state a plausible claim for declaratory or injunctive

relief or sufficiently alleged that he was subject to impermissible discrimination under Title VII.

The Court has made a *de novo* review of this record as required by 28 U.S.C. §636(b) and Rule

72(b).

Upon said review, Mr. Napper's Objection is **OVERRULED**. (ECF No. 6.) The Report

and Recommendation is **ADOPTED** and **AFFIRMED**. (ECF No. 3.) The motion to proceed *in*

*forma pauperis* (ECF No. 1) is **GRANTED**, but the action is **DISMISSED** pursuant to 28

U.S.C. § 1915(e)(2). Mr. Napper's Motion for an Issuance of Summons is **DENIED AS MOOT**.

(ECF No. 7.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** and close the case.


**IT IS SO ORDERED.**

**5/1/2024**                                            **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                        **UNITED STATES DISTRICT JUDGE**